UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN MALAST,

   Plaintiff,

vs.            CASE NO.:

ASURE SOFTWARE, INC., a Foreign
Profit Corporation,

   Defendant.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN MALAST, by and through the undersigned attorney, sues the Defendant, ASURE SOFTWARE, INC., a Foreign Corporation, and alleges:

1. Plaintiff, BRIAN MALAST, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, BRIAN MALAST was an employee who worked at Defendant's property within the last three years in Hillsborough County, Florida.

3. Plaintiff, BRIAN MALAST, worked for Defendants as an hourly paid employee at an hourly rate of $15.00 per hour.

4. Plaintiff, BRIAN MALAST, worked as a Benefits Specialist for Defendant.

5. At all times material to this cause of action, Plaintiff, BRIAN MALAST, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, ASURE SOFTWARE, INC., is a Foreign for profit Corporation that operates and conducts business in Hillsborough County, Florida and is therefore, within the

jurisdiction of this Court.

7. Defendant, ASURE SOFTWARE, INC., operates at 5100 W. Kennedy Blvd, #300, Tampa Florida 33609.

8. According to Florida's Division of Corporation, ASURE SOFTWARE, INC. lists its principal address as 3700 N. Capital of Texas Hwy, Ste. 350, Austin, Texas 78746

9. Defendant, ASURE SOFTWARE, INC., operates as a 3rd party administration company to their customers' businesses by providing tools and software to reduce business expenses related to labor and accounting.

10. According to Defendant's website, ASURE SOFTWARE, INC., provides world-class management and workplace technology solution for their customers' mobile workforce. *See* www.AsureSoftware.com

11. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, ASURE SOFTWARE, INC., earned more than $500,000.00 per year in gross sales.

14. Defendant, ASURE SOFTWARE, INC., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, ASURE SOFTWARE, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as, computers, USB drives, cell phones, printers, fax machines, office materials, and other tools/materials used to run the business.

16. Defendant, ASURE SOFTWARE, INC., is in engaged in interstate commerce due to providing customers with their services all over the United States.

17. Therefore, at all material times relevant to this action, Defendant, ASURE SOFTWARE, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff, BRIAN MALAST, is individually covered under the FLSA.

## FLSA Violations

19. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

20. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. Specifically, Defendant engaged in the practice of reducing/adjusting Plaintiff's time records with the purpose of avoiding paying overtime compensation.

22. Almost all of Plaintiff's pay records reflect precisely forty (40) hours worked each week.

23. Defendant routinely offered Plaintiff more breaks or longer breaks in exchange for reducing/adjusting his time recorded to avoid overtime payment.

24. Plaintiff is entitled to the full time and one-half premium for all hours worked in excess of forty (40) per week.

25. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above as though stated fully herein.

28. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

30. Additionally, Defendants had a method or scheme of reducing/adjusting Plaintiff's recorded hours to forty (40) specifically to avoid payment of overtime wages.

31. Defendant has failed provide accurate overtime compensation for numerous pay periods.

32. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

33. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN MALAST demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___10___ day of July, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
P.O. Box 530244
Atlanta, GA 30353-0244
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff